## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KHALIL BURNETT**, | **CIVIL ACTION** |
| Petitioner, | |
| *v.* | **NO. 21-3607-KSM** |
| **ERIC T. ARMEL, et al.,** | |
| Respondents. | |

## <u>ORDER</u>

**AND NOW**, this 26th day of February, 2025, upon consideration of Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1), the Report and Recommendation of the Honorable Pamela A. Carlos (Doc. No. 20), and Petitioner's Objections to the R&R (Doc. No. 25), it is **ORDERED** as follows:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**.

2. The Petition for Writ of Habeas Corpus is **DENIED WITH PREJUDICE**.

3. There is no probable cause for a certificate of appealability.[1]

4. The Clerk of Court shall mark this case **CLOSED**.

**IT IS SO ORDERED.**

*/s/ Karen Spencer Marston*
KAREN SPENCER MARSTON, J.

---

[1] Because jurists of reason would not debate the procedural or substantive dispositions of Petitioner's claims, no certificate of appealability should be granted. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").